UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


GERMAIN A. STEWART,

     Plaintiff,

v.                                          Case No. 8:22-cv-2-KKM-CPT

U.S. BANK NATIONAL ASSOCIATION,
et al.,

     Defendants.

_____/


## REPORT AND RECOMMENDATION

Before me on referral is *pro se* Plaintiff Germain Stewart's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed *in forma pauperis* (IFP Motion). Also before me is Stewart's "Urgent Complaint and Request for Injunction" against Defendant U.S. Bank National Association (U.S. Bank) and possibly other defendants (hereinafter, complaint).[1] (Doc. 1). For the reasons discussed below, I respectfully recommend that Stewart's IFP Motion be denied without prejudice and that his complaint be dismissed with leave to amend.

---

[1] In the caption of his complaint, Stewart identifies the Defendants as U.S. Bank, "et al." but does not mention any other individuals or entities in the body of his pleading. (Doc. 1).

I.

While difficult to decipher, it appears from a liberal reading of Stewart's complaint that he seeks to brings claims against U.S. Bank for fraud, negligence, misrepresentation, violation(s) of his due process rights, and other unspecified constitutional infringements as a result of U.S. Bank's assertion of an interest in certain real property, which is both adverse to Stewart's interest and allegedly invalid. *Id.* In support of these claims, Stewart avers, among other things, that U.S. Bank (and perhaps others) utilized "improper mortgage company procedures," engaged in inappropriate "noticing for mortgage note and deed activities," and wrongly undertook "divergent paths" relative to "both the mortgage note and the deed of trust." *Id.* For relief, Stewart appears to request both cancellation of a deed, as well as $300,000 in "monetary and punitive damages." *Id.*

With respect to his IFP Motion, Stewart represents that he receives $4,000 per month from an unnamed employer and that he pays $3,995 in unspecified monthly expenses. (Doc. 2). Stewart does not provide any other information in his motion, however, including whether he has any dependents or owns any assets, even though the form he submitted asks for such details. *Id.*

II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny

2

an application to proceed *in forma pauperis*, and, in civil cases for damages, the privilege

should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306

(11th Cir. 2004) (per curiam) (citation omitted). While such an application "need not

show that the litigant is absolutely destitute," it must indicate "that the litigant, because

of his poverty, is unable to pay for the court fees and costs, and to support and provide

necessities for himself and his dependents." *Id.* at 1307 (quoting *Adkins v. E.I. Dupont*

*de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)) (internal quotation marks omitted).

When an application to proceed *in forma pauperis* is filed, a district court must

also review the case and dismiss the complaint *sua sponte* if it determines that the action

is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary damages against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed

by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).

*Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (per curiam) (citing

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).[2] As such, to avoid dismissal,

the complaint must contain adequate averments "to state a claim to relief that is

plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A complaint is plausible on its face when

it contains sufficient facts to support a reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* Although detailed factual allegations are not

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.
11th Cir. R. 36-2.

required, a pleading must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A court may not, however, afford any presumption of truth to statements regarding the governing law or the proof required to prevail on a cause of action. *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citing *Iqbal*, 556 U.S. at 678).

Finally, while *pro se* pleadings are to be construed liberally, a court is not allowed to "act as *de facto* counsel" for an unrepresented litigant, nor may it "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.

### A.

I begin with Stewart's claim of indigency, which I find to be lacking. Stewart's claimed monthly income of $4,000 equates to more than $48,000 annually and places him well above the poverty level for a single individual with no dependents.[3]  While Stewart asserts that his monthly expenses roughly equate to his monthly income, he

---

[3] The 2022 federal poverty guideline for a family of one is $13,590.  *See* Annual Update of the HHS Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 21, 2022).

does not specify the nature or the amount of those expenses.  Nor does he list the cash or property he possesses or affirmatively indicate that he has no such assets.

Absent further information from Stewart regarding these issues, I cannot make an informed determination about his ability to pay the fees and costs required to commence this lawsuit without undue hardship.  As a result, I respectfully recommend that his IFP Motion be denied without prejudice.

B.

Irrespective of whether Stewart qualifies as indigent, his complaint is subject to dismissal because, at a minimum, it does not conform to the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.  Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint." *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016).  It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count."  Fed. R. Civ. P. 10(b).  Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be

granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Contrary to the dictates of Rules 8 and 10, Stewart's complaint consists largely, if not entirely, of a series of declaratory statements and conclusory assertions, which are devoid of any meaningful factual details and which are also not connected to any particular claim. By way of example, while Stewart appears to aver that U.S. Bank violated his constitutional rights and otherwise engaged in misconduct by, *inter alia*, employing "improper mortgage company procedures," he does not adequately identify the particular constitutional provisions or loan protocols at issue, let alone describe how U.S. Bank purportedly contravened those protections. (Doc. 1).

Taken singularly or in combination, such pleading deficiencies, among others, deprive U.S. Bank and the Court of "fair notice" about the nature of the claims brought against U.S. Bank and the "grounds" upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3; *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (noting that complaints which are "replete" with "conclusory" and "vague" facts "not obviously connected to any particular cause of action . . . [fail] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) ("Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader.") (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). The fact that Stewart is proceeding *pro se* does not excuse his failure to adhere to the basic

6

pleading standards imposed under Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

C.

One other matter pertaining to Stewart's complaint bears mentioning. Although Stewart denominates his pleading as "urgent," he fails to comply with the directive in Local Rule 3.01(e) that he "explain[ ] the nature of the exigency and state[ ] the day by which a ruling is requested." M.D. Fla. R. 3.01(e). Stewart is warned that "[t]he unwarranted designation of a motion as an emergency motion can result in a sanction." *Id*. More generally, Stewart is reminded that, even though he is proceeding *pro se*, he must abide by all applicable rules, including the Federal Rules of Civil Procedure and the Court's Local Rules.

IV.

Notwithstanding the above pleading defects, I respectfully recommend that the Court dismiss Stewart's complaint with leave to amend. I am mindful in this regard that a litigant ordinarily must be given at least one chance to revise his complaint before the Court dismisses an action, unless such an amendment would be futile.

7

*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *Freeze v. Sawyer*, 2018 WL 2849895, at *1 (M.D. Fla. June 11, 2018).

Accordingly, I respectfully submit that the Court:

1.      Deny Stewart's IFP Motion (Doc. 2) without prejudice;[4]

2.      Dismiss Stewart's complaint (Doc. 1) with leave to amend;

3.      Grant Stewart permission to file, within twenty (20) days of the Court's Order, an amended complaint that conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure; and

4.      Caution Stewart that a failure to comply with these directives may result in a dismissal of his case without further notice.

Although I propose that Stewart be afforded leave to amend his complaint, I encourage him to take advantage of the legal assistance available to *pro se* parties before doing so.  Stewart may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Stewart may visit the Middle District of Florida's resources for individuals without counsel, which include a "Guide for Proceeding Without a

---

[4] If Stewart elects to file a new *in forma pauperis* motion, he should utilize the "Long Form" application available on the Court's website at https://www.uscourts.gov/sites/default/files/ao239_1.pdf, as opposed to the "Short Form."

Lawyer."  The Court's website also includes helpful links to both the Federal Rules of Civil Procedure and various forms for litigants to use.

Respectfully submitted this 26th day of January 2022.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Kathryn Kimball Mizelle, United States District Judge
*Pro se* Plaintiff